UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SUSAN HURLEY,

    Plaintiff,

v.                                           Case No: 5:21-cv-53-GKS-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### REPORT AND RECOMMENDATION[1]

This matter is before the undersigned on the Commissioner's Unopposed Motion for Entry of Judgment in which Defendant requests that the Court remand this case for the Commissioner to take further administrative action. (Doc. 28).

Pursuant to Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

work in a supportive, noncompetitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon review of the record and filings, I agree with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is RECOMMENDED that the Commissioner's Motion (Doc. 28) be **GRANTED** and this action be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reason:

> The Commissioner believes remand is appropriate to have the agency: obtain supplemental vocational evidence, resolving inconsistencies between the job numbers outlined in the Dictionary of Occupational Titles (DOT) and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) for the jobs cited. Further, the Administrative Law Judge should make factual findings on whether the job numbers provided constitute significant numbers in the national economy. The Administrative Law Judge will update the administrative record, offer the claimant the opportunity for a hearing, and issue a new decision.

DONE and ENTERED on December 15, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record